Doran, to pay for the merchandise delivered to an amount not exceeding in the aggregate $500. The defense interposed was that the plaintiff delivered merchandise to Doran in excess of $500, and has been paid up to and exceeding the aggregate amount of $500 by Doran himself.

The learned trial justice granted judgment for the defendant. I am of the opinon that this was error. The words "to an amount not exceeding in the aggregate five hundred dollars" were clearly intended to relate to the amount of the defendant's liability to pay, and did not restrict the amount of merchandise which the plaintiff might deliver to Doran. There was nothing in the wording of the contract to restrict it as to time or to limit it to a single transaction. It would therefore continue until notice of its withdrawal. Gates v. McKee, 13 N. Y. 232, 64 Am. Dec. 545; Rindge v. Judson, 24 N. Y. 64; Schinasi v. Lane, 118 App. Div. 76, 103 N. Y. Supp. 127, affirmed without opinion 191 N. Y. 545, 85 N. E. 1116; White's Bank v. Myles, 73 N. Y. 335, 29 Am. Rep. 157.

The judgment appealed from should be reversed, and judgment directed for the plaintiff for $167.01, with interest from the 9th day of February, 1911, and appropriate costs in the court below, in accordance with the facts stipulated, with costs in this court to the appellant. All concur.

---

(88 Misc. Rep. 21)

SCHOENFELD v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

STREET RAILROADS (§ 117*)—COLLISIONS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The court cannot say as a matter of law that a pedestrian may not assume that the motorman of a car over a block away will not have his car under control when approaching a crossing, so that whether the pedestrian, attempting to cross the track, was guilty of contributory negligence, precluding a recovery for injuries in a collision with the car, was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239-257; Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Schoenfeld, by Lazarus Schoenfeld, his guardian ad litem, against the New York Railways Company. From a judgment of dismissal at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Samuel Schleimer, of New York City (Meyer D. Siegel, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (William J. Sheils, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J.  The accident happened at a street crossing, at which place the rights of the plaintiff and the defendant were equal.  We cannot say, as a matter of law, that the plaintiff was not justified in assuming that the motorman would have his car under control when he approached this place.  The car was over a block away when the plaintiff attempted to cross the track, and whether his act in attempting to cross the track constituted contributory negligence should have been submitted to the jury.

Upon the facts, this case does not resemble those cases where the driver of a wagon turns his horse and wagon in front of a car a few feet away.  The question in dispute was essentially one of fact, which should have been submitted to the jury, who could have determined it after taking into account the situation of the parties and the rate of speed at which the car was traveling.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.  All concur.